IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID JUCKNIK,
        Plaintiff,

v.                        Civil No. 5:21-cv-00411-JMG

ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY,
        Defendant.

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                           December 28, 2021

At issue here is whether a property loss sustained by Plaintiff David Jucknik is covered under an insurance policy provided by Defendant Allstate Vehicle and Property Insurance Company. Jucknik claims that Allstate failed to provide adequate coverage in breach of contract. Before the Court is Allstate's motion for summary judgment. For the following reasons, the Court grants the motion.

**I.     FACTUAL BACKGROUND**

Jucknik owns a home in Allentown, Pennsylvania. Def.'s Statement of Facts ¶ 2, ECF No. 24-2 [hereinafter "DSOF"]; Pl.'s Resp. to Def.'s Statement of Facts ¶ 2, ECF No. 29 [hereinafter "PRSOF"]. Allstate issued policy number 998695789 (the "Policy") to Jucknik. DSOF ¶ 4; PRSOF ¶ 4.

The Policy insures against "sudden and accidental direct physical loss" to Jucknik's home. DSOF ¶ 28; PRSOF ¶ 28; Def.'s Mot. Ex. C, at 27, ECF No. 24-8. It also excludes certain losses from coverage. DSOF ¶ 29; PRSOF ¶ 29. This case concerns the following exclusions:

> A.     [W]e do not cover any loss which consists of, is caused by, or would not have occurred but for, one or more of the

        following excluded events, perils or conditions. Such loss is excluded regardless of: a) the cause or source of the excluded event, peril or condition; b) any other causes contributing concurrently or in any sequence with the excluded event, peril or condition to produce the loss; or c) whether the excluded event, peril or condition involves isolated or widespread damage, arises from natural, man-made or other forces, or arises as a result of any combination of these forces.

        . . .

        2.    *Water or any other substance that backs up through sewers or drains*.

        . . .

D.    [W]e do not cover any loss consisting of or caused by one or more of the following excluded events, perils or conditions. Such loss is excluded regardless of whether the excluded event, peril or condition involves isolated or widespread damage, arises from natural, man-made or other forces, or arises as a result of any combination of these forces.

        . . .

        5.  a)  *Wear and tear*, aging, marring, scratching, *deterioration*, inherent vice, or latent defect;

        . . .

        d)  *Rust or other corrosion*;

        . . .

If loss to covered property is caused by water or steam *not otherwise excluded*, we will cover the cost of tearing out and replacing any part of your dwelling necessary to repair the system or appliance. This does not include damage to the defective system or appliance from which the water or steam escaped.

DSOF ¶ 29; PRSOF ¶ 29; Def.'s Mot. Ex. C, at 27, 30 (emphasis added).

      On January 6, 2020, Jucknik discovered that the entire basement floor of his home was covered with sewage and water. Jucknik Aff. ¶ 3, ECF No. 29-3. "The sewage and water escaped

2

from [the] plumbing system through two floor drains in the basement." *Id.* ¶ 4.

Jucknik filed a claim with Allstate in March 2020. Pl.'s Statement of Facts ¶ 43, ECF No. 29 [hereinafter "PSOF"]. Allstate assigned Denise Gilliland to adjust the claim. DSOF ¶ 6; PRSOF ¶ 6. Gilliland inspected Jucknik's home on March 13, 2020. DSOF ¶ 6; PRSOF ¶ 6. According to Gilliland's estimate, Jucknik suffered $5,158.49 in property damage. DSOF ¶ 8; PRSOF ¶ 8; Def.'s Mot. Ex. F, at 7, ECF No. 24-11. She also concluded that the losses were caused by "wear and tear" to the plumbing system in Jucknik's home.[1] PSOF ¶ 27; Gilliland Dep. 38:18–39:11, ECF No. 29-4.

On March 14, 2020, Allstate informed Jucknik that it would issue a payment of $3,546.20, reflecting the actual cash value of Jucknik's property damage less the Policy's $1,000 deductible. DSOF ¶ 9; PRSOF ¶ 9; Def.'s Mot. Ex. G, ECF No. 24-12. Two days later, Allstate denied coverage for the cost of replacing Jucknik's plumbing system. DSOF ¶ 10; PRSOF ¶ 10; Def.'s Mot. Ex. H, ECF No. 24-13.

## II. STANDARD

### A. Summary Judgment

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Facts are material if they "might affect the outcome of the suit under the governing law." *Physicians Healthsource, Inc. v. Cephalon, Inc.*, 954 F.3d 615, 618 (3d Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute as to those facts is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* (quoting *Anderson*, 477 U.S.

---

[1] Jucknik later retained his own inspector, Benjamin Kleiss. *See* Kleiss Aff. ¶¶ 1–5, ECF No. 29-2. Like Gilliland, Kleiss opined that "[w]ear and tear, deterioration, and corrosion caused water to escape from Plaintiff's plumbing system on January 6, 2020." *Id.* ¶ 11(d).

at 248). "We view all the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Id.* (internal quotation marks and citation omitted).

The party moving for summary judgment must first "identify[] those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). In response, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Anderson*, 477 U.S. at 252).

### B.  Interpretation of Insurance Policies

"Under Pennsylvania law, 'the interpretation of a contract of insurance is a matter of law for the courts to decide.'"[2] *Allstate Prop. & Cas. Ins. Co. v. Squires*, 667 F.3d 388, 391 (3d Cir. 2012) (quoting *Paylor v. Hartford Ins. Co.*, 640 A.2d 1234, 1235 (Pa. 1994)). The Court's objective is to discern the intent of the parties from the language of the policy. *Id.* To that end, we "read the policy as a whole and construe[] [it] according to the plain meaning of its terms." *Ramara, Inc. v. Westfield Ins. Co.*, 814 F.3d 660, 676 (3d Cir. 2016) (internal quotation marks and citation omitted). The policy "must be construed in such a manner as to give effect to all of its provisions." *Sapa Extrusions, Inc. v. Liberty Mut. Ins. Co.*, 939 F.3d 243, 258 (3d Cir. 2019) (internal quotation marks and citation omitted); *see also Robinson v. Allstate Prop. & Cas. Ins.*

---

[2]  Both parties cite to Pennsylvania law in their memoranda. *Compare* Def.'s Mem. 4, ECF No. 24-4, *with* Pl.'s Mem. 7, ECF No. 29-1.

*Co.*, 306 F. Supp. 3d 672, 675 (E.D. Pa. 2018) ("The court should not consider isolated individual terms but should instead consider the entire contractual provision to determine the parties' intent." (citing *NorFab Corp. v. Travelers Indem. Co.*, 555 F. Supp. 2d 505, 509 (E.D. Pa. 2008)).

"Clear contractual terms that are capable of one reasonable interpretation must be given effect without reference to matters outside the contract." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 587 (3d Cir. 2009) (quoting *Krizovensky v. Krizovensky*, 624 A.2d 638, 642 (Pa. Super. Ct. 1993)). On the other hand, contractual language is ambiguous if it "is reasonably susceptible of different constructions and capable of being understood in more than one sense." *Id.* (quoting *Allegheny Int'l, Inc. v. Allegheny Ludlum Steel Corp.*, 40 F.3d 1416, 1425 (3d Cir. 1994)); *see also 12th St. Gym, Inc. v. Gen. Star Indem. Co.*, 93 F.3d 1158, 1165 (3d Cir. 1996) ("Disagreement between the parties over the proper interpretation of a contract does not necessarily mean that a contract is ambiguous." (citing *Vogel v. Berkley*, 511 A.2d 878, 881 (Pa. Super. Ct. 1986))). Ambiguous language must be construed against the insurer. *Squires*, 667 F.3d at 391.

"[A]n insured bears the initial burden to make a prima facie showing that a claim falls within the policy's grant of coverage, but if the insured meets that burden, the insurer then bears the burden of demonstrating that a policy exclusion excludes the insurer from providing coverage if the insurer contends that it does." *State Farm Fire & Cas. Co. v. Est. of Mehlman*, 589 F.3d 105, 111 (3d Cir. 2009) (citing *Koppers Co., Inc. v. Aetna Cas. & Sur. Co.*, 98 F.3d 1440, 1446 (3d Cir. 1996)).

### III. DISCUSSION

Jucknik claims that Allstate breached the Policy when it denied coverage for the plumbing

system.³  *See* Pl.'s Mem. 2, ECF No. 29-1.  In response, Allstate argues that coverage is precluded by the Policy's exclusion for "[w]ater or any other substance that backs up through sewers or drains" (the "Water Backup Exclusion").  *See* Def.'s Mem. 12, ECF No. 24-4.

Even assuming, *arguendo*, that Jucknik has shown that his claim falls within the Policy's grant of coverage, the Water Backup Exclusion is unambiguous and applies here.

Jucknik contends that the Water Backup Exclusion is ambiguous.  *See* Pl.'s Mem. 13.  To be sure, the Policy does not define "back[] up," "sewers" or "drains."  But that does not make the language ambiguous.  *See, e.g.*, *44 Hummelstown Assocs., LLC v. Am. Select Ins. Co.*, No. 1:20-cv-02319, 2021 U.S. Dist. LEXIS 106017, at *16 (M.D. Pa. June 7, 2021) ("A policy term is not 'ambiguous merely because it is not defined in the policy.'" (quoting *Wall Rose Mut. Ins. Co. v. Manross*, 939 A.2d 958, 965 (Pa. Super. Ct. 2007)).  Rather, the Court interprets those terms according to their plain meaning.  *See, e.g.*, *Commandments, Inc. v. Penn-Am. Ins. Co.*, No. 1119, 2010 Phila. Ct. Com. Pl. LEXIS 394, at *6 (Pa. Ct. Com. Pl. May 12, 2010), *aff'd*, 40 A.3d 183 (Pa. Super. Ct. 2011) ("[S]ewers, drains, back ups, and overflows should be given their common every day meaning . . . ."); *Campbell v. Allstate Ins. Co.*, No. 04-05181, 2006 Pa. Dist. & Cnty. Dec. LEXIS 198, at *12 (Pa. Ct. Com. Pl. May 15, 2006), *aff'd*, 919 A.2d 966 (Pa. Super. Ct. 2007) ("Allstate properly denied coverage based on the *clear and unambiguous* exclusion for loss caused by water that backs up through sewers or drains." (emphasis added)).

The undisputed facts here fall squarely within the scope of the Water Backup Exclusion.  It is undisputed that backed-up water damaged Jucknik's home.  *See, e.g.*, Jucknik Dep. 29:13–22,

---

³ To establish breach of contract under Pennsylvania law, a plaintiff must show: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract[,] and (3) resultant damages."  *Hanover Ins. Co. v. Ryan*, 619 F. Supp. 2d 127, 139 (E.D. Pa. 2007) (internal quotation marks and citation omitted).

ECF No. 29-4.  That water escaped from two floor drains in Jucknik's basement.  *See* PSOF ¶ 3; Jucknik Dep. 36:4–6 ("[T]here's two drains down there, and those are the drains that keep getting backed up.").  Water that backed up through a drain caused Jucknik's property damage, so the unambiguous Water Backup Exclusion applies and bars further coverage.

The Water Backup Exclusion also does not conflict with other terms of the Policy, as Jucknik appears to suggest.  *See* Pl.'s Mem. 12–13.  Jucknik argues that he is entitled to coverage because the Policy "cover[s] the cost of tearing out and replacing" his plumbing system.  *Id.* at 11.  However, Allstate only covers those costs "[i]f loss to covered property is caused by water or steam *not otherwise excluded*."  Def.'s Mot. Ex. C, at 30 (emphasis added).  As explained above, the loss to Jucknik's property was caused by the sort of water described in the Water Backup Exclusion.  The losses here were caused by water otherwise excluded, so Allstate did not breach its obligations under the Policy when it declined to cover the plumbing system replacement costs.

## IV.    CONCLUSION

Summary judgment is warranted in Allstate's favor because no reasonable jury could conclude that Allstate breached the Policy.  An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge